## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Paul Jones,                                              05-CV-1293 (JNE/SRN)

        Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

P. Polzin,

        Defendant.

---

Paul Jones, *Pro Se*

Friedrich Siekert, Esq., on behalf of Defendants

---

SUSAN RICHARD NELSON,  United States Magistrate Judge

     The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss (Doc. No. 23).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Defendant's Motion to Dismiss be granted.

## I.    PROCEDURAL HISTORY

     Plaintiff filed his Complaint on June 30, 2005, alleging an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and jurisdiction pursuant to 28 U.S.C. ¶¶ 1331 and 1343(1).  On February 17, 2006, Defendant brought his motion to dismiss.  On March 17, 2006, Defendant sought an extension of time in which to file a response.  By Order of March 27, 2006, this Court granted Defendant's motion, giving him until June 27, 2006 to

respond.  Defendant has failed to file a response.

## II.    FACTS

As of the filing of the complaint, Plaintiff resided at the Federal Prison Camp ("FPC") in Florence, Colorado.  The events giving rise to his complaint occurred at FPC Duluth, Minnesota, where Plaintiff was previously incarcerated.  Defendant Phillip Polzin is employed by the Federal Bureau of Prisons (BOP) as a physician's assistant.

Plaintiff alleges that on July 4, 2004, he suddenly began to hemorrhage profusely from his rectum and that his urine contained blood.  He claims to have immediately sought medical attention and that although Defendant was contacted, he refused to attend to Plaintiff's medical emergency.  (Complaint at ¶ 4.)  Plaintiff alleges that he was forced to wait overnight for examination and treatment of his serious medical condition.  (Complaint at  ¶ 5.)

Plaintiff alleges that Defendant examined him on July 5, 2004.  He also alleges that before treating Plaintiff, Defendant stated that he did not appreciate being bothered at home while with his family.  Plaintiff alleges that Defendant further delayed treating Plaintiff for approximately one hour.  (Complaint at ¶ 6.)

Upon examination, Plaintiff alleges that Defendant noticed excessive blood in Plaintiff's underwear and told Plaintiff to lower his pants for a rectal exam.  Plaintiff states that he complied and was subjected to "over two minutes of forceful probing."  (Complaint at ¶ 7.)  Plaintiff alleges that he suffered physical damage from the examination and is unable to sit comfortably for long periods.  (Complaint at ¶ 9.)

Plaintiff contends that Defendant accused Plaintiff of engaging in "perverse homosexual

activity." (Complaint at ¶ 8.)   Furthermore, Plaintiff alleges that Defendant failed to keep his beliefs in confidence and the inmate population was apprised that Plaintiff is an active homosexual. (Complaint at ¶ 10.) As a result, Plaintiff contends that he has endured harassment and abuse from other inmates. (Complaint at ¶ 11.)

Plaintiff asserts that as a direct and proximate result of Plaintiff's actions, he suffered and continues to suffer serious mental anguish, psychological and emotional distress and physical pain and suffering, some of which may be permanent. (Complaint at ¶ 12.) He alleges that as a direct result of Defendant's actions, he was deprived of his rights, privileges and immunities under the Eighth Amendment. (Complaint at ¶ 13.)

In his second cause of action, Plaintiff, who is black, alleges that on July 23, 2004, a white inmate with similar complaints was immediately rushed to an outside hospital for treatment on Defendant's recommendation. (Complaint at ¶ ¶ 14 and 15.) Plaintiff claims that this unequal treatment violated his equal protection rights. (Complaint at ¶ 16.)

Defendant moves for dismissal on the following grounds: (1) the complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has not stated a constitutional claim and because Defendant enjoyed qualified immunity; and (2) Plaintiff has not perfected service on the United States as required by Fed. R. Civ. P. 4(i)(2)(B) and 4(i)(1), therefore, the Court should dismiss the complaint for insufficient process, insufficient service of process and lack of personal jurisdiction over Defendant. (Def's. Mem. Supp. of Mot. to Dismiss at 1-2.)

## III.    DISCUSSION

As a threshold matter, the Court addresses two procedural issues.  First, Plaintiff has failed to

respond to Defendant's motion to dismiss, after having received an extension from this Court. Therefore, Defendant's motion to dismiss is unrebutted.  Second, Plaintiff has not served the United States with the complaint.  When an employee of the United States is sued in his or her individual capacity, the plaintiff must serve both the individual defendant and the United States.  Fed. R. Civ. P. 4(i)(2)(B).   When a party fails to comply with these service requirements,  Courts may dismiss actions for insufficiency of process and insufficiency of service of process.  Fed. R. Civ. P. 12(b)(4) and (b)(5). While the Court could dismiss Plaintiff's actions on these grounds, the Court will nevertheless address Plaintiff's claims on the merits, albeit briefly, given that Plaintiff's claims are subject to dismissal for the procedural reasons discussed above.

In considering a Rule 12(b)(6) motion to dismiss, the Court assumes all facts alleged in the complaint as true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996), cert. denied, 519 U.S. 1149 (1997).  Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  "Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

> Rule 12(b)(6) itself provides that when matters outside the pleadings
> are presented and not excluded by the court, the motion shall be
> treated as one for summary judgment and disposed of as provided in
> Rule 56.  Our court has interpreted the phrase "matters outside the
> pleadings" to include "any written or oral evidence in support of or in
> opposition to the pleading that provides some substantiation for and
> does not merely reiterate what is said in the pleadings."

4

Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir. 1999), cert.

denied, 528 U.S. 1117 (2000) (citation omitted).

**A.      Qualified Immunity**

Defendant claims that he is entitled to qualified immunity from suit; therefore, dismissal should

be granted.  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of

litigation.'"  Saucier v. Katz, 533 U.S. 194, 200 (2001) (citation omitted).   Rather than a mere defense

to liability, qualified immunity is an immunity from suit.  Id.  When a plaintiff claims that an officer has

violated a constitutional right, "the requisites of a qualified immunity defense must be considered in

proper sequence."  Id.   Viewed in the light most favorable to the party asserting injury, the threshold

question is whether the alleged facts show that the officer's conduct violated a constitutional right.  Id.

at 201.  If no constitutional right would have been violated were the allegations established, then

qualified immunity is established.  If, however, the facts support a constitutional violation, the next

sequential step is to ask whether the right was clearly established.  Id.  This inquiry is fact-specific:  "the

relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be

clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id.

**1.      Whether Defendant's Actions Violated Plaintiff's Constitutional Rights**

Plaintiff argues that Defendant's actions violated his constitutional rights under the Eighth and

Fifth Amendments.    The Court addresses each of these rights in turn.

**a.      Eighth Amendment/Denial of Medical Care Claims**

Several of Plaintiff's claims allege a denial of medical care.  He alleges that he was denied

medical care when Defendant failed to examine him on July 4, 2004.  He alleges that Defendant was

5

deliberately indifferent to him during a rectal examination, when he underwent two minutes of probing. Finally, he alleges that he was defamed when Defendant accused him of engaging in homosexual activity and then failed to keep this information confidential.

The conditions of a prisoner's confinement are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). Under the Eighth Amendment, a prisoner's confinement must not result in serious deprivation of his basic human needs or of a civilized society's measures of life's necessities – one of which is medical care. Id. at 32. When prison officials are deliberately indifferent to a prisoner's serious medical needs, the Eighth Amendment is violated. Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995).

Prison officials violate the Eighth Amendment only when two conditions are met. First, the deprivation alleged must be, objectively, sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The alleged need for care or deprivation from care must be either so obvious that a layperson could recognize it or a plaintiff's claims must be supported by medical evidence, such as a physician's diagnosis and/or opinion. Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999).

Second, a plaintiff must allege and prove a subjective component. To be liable, a "prison official must have a 'sufficiently culpable state of mind.'" Farmer, 511 U.S. at 834, citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). Deliberate indifference must be alleged and established for a finding of liability. Id. "Deliberate indifference" means that the prison official knows of and disregards an excessive risk to the inmate's health or safety. Id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. Conversely, an official cannot be liable for an act or omission unaccompanied

by the knowledge of significant risk of harm.  Id.  The indifference must be substantial.  Mere

negligence, inadvertent failure to provide medical care and even gross negligence do not support an

Eighth Amendment claim.  Estelle v. Gamble, 429 U.S. 97,106 (1976).

Prisoners have no constitutional right to receive a particular or requested course of treatment

and prison medical personnel remain free to exercise their independent medical judgment.  Long v. Nix,

86 F.3d 761, 765 (8th Cir. 1996).

Here, Plaintiff first alleges a failure to examine him on July 4, 2004, when he complained of

profuse rectal bleeding and blood in his urine.  Neither condition alone, without more, indicates a

medical need that a layperson would recognize.  Rectal bleeding, from a hemorrhoid, for example, is

not uncommon.  Plaintiff did not allege that the bleeding failed to stop.  Blood in the urine on one

occasion is also not obviously serious.  Plaintiff does not proffer any medical opinion to the contrary,

i.e., that his condition on July 4th presented an objectively serious medical need.  Nor does Plaintiff

allege facts that might, if proven, suggest that Defendant had a culpable state of mind.  Plaintiff's

allegation that Defendant was contacted and refused to provide immediate treatment that night does

not, standing alone, suggest a culpable state of mind.  Similarly, Defendant's indication that he did not

appreciate being contacted at home does not demonstrate the requisite culpable state of mind.  A one

hour delay in seeing a patient with Plaintiff's complaints the following day is likewise insufficient.  Such

a delay is not unusual and there is no indication that Defendant deliberately caused this delay.  The

Court concludes that with respect to his July 4, 2004 claim, Plaintiff has failed to meet the exacting

standards required to state a violation of the Eighth Amendment.

Plaintiff alleges that Defendant's examination of him on July 5, 2004 involved two minutes of

forceful probing that has made him unable to sit comfortably for long periods of time.  Plaintiff does not allege facts in the form of medical opinion or otherwise to support his claim.  It is not obvious to a layperson that two minutes of forceful rectal probing, standing alone, would necessarily produce an adverse serious medical condition.  Further, no factual allegations support an inference of deliberate indifference, or the requisite culpable state of mind.  Plaintiff therefore has failed to establish an Eighth Amendment violation regarding the July 5, 2004 examination.

Plaintiff alleges that Defendant accused Plaintiff of engaging in perverse homosexual activity, then defamed him by spreading the information around the inmate population.  Taking Plaintiff's allegations as true, they do not arise to an Eighth Amendment violation.  He has not specifically alleged an objective serious medical need and has not alleged facts that demonstrate the Defendant acted with deliberate indifference to his condition.  As Defendant notes, Plaintiff has not proffered an expert affidavit to suggest that questions concerning Defendant's sexual history were medically inappropriate.

### b.    Fifth Amendment

Plaintiff alleges that a similarly situated white inmate who complained of a similar medical emergency was rushed to the hospital.  Because Plaintiff, who is black, did not receive similar treatment, he alleges a violation of his equal protection rights under the Fifth Amendment.

The guarantee of equal protection requires the Government to treat similarly situated people alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 435 (1985).  Here, Plaintiff fails to allege how the two inmates were similarly situated.

Moreover, even if there had been a violation of a clearly established right under either the Fifth

or Eighth Amendment, Defendant is entitled to qualified immunity because he acted as a reasonable

BOP physician's assistant.  <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).  Qualified immunity protects

"all but the plainly incompetent or those who knowingly violate the law."  <u>Id.</u>  It has not been alleged

that Defendant acted totally outside the range of professional competence that one might expect from a

reasonable official in Defendant's circumstances.  <u>Id.</u>  at 346 n. 9.  Because Plaintiff has not alleged

facts to overcome the objective reasonableness of Defendant's conduct, Defendant is entitled to

qualified immunity.

### THEREFORE, IT IS HEREBY RECOMMENDED that:

1.     Defendant's Motion to Dismiss (Doc. No. 23) be **GRANTED**.

Dated:   July 31, 2006

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by
August 17, 2006, after being served with a copy thereof.  The objecting party must file with the Clerk
of the Court and serve on all parties, written objections which specifically identify the portions of the
proposed findings, recommendations, or report to which objection is being made, and a brief in support
thereof.  A party may respond to the objecting party's brief within ten days after service thereof.
Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek
review in the Court of Appeals.